AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

*March 06, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Reynaldo Barron-Ortiz | ) Case No. | **4:25-mj-124** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 27, 2025__ in the county of __Walker__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) (1) | a native and citizen of Mexico and an alien who had been previously deported from the United States, after having been convicted of a crime defined as a felony, was found unlawfully in the United States at Huntsville, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Shawna Campbell, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 03/06/2025

_____
*Judge's signature*

City and state: Houston, Texas

Yvonne Y. Ho, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Shawna Campbell, being duly sworn by telephone, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since September 2016. Prior to this assignment, I have held the following positions: Immigration Enforcement Agent and a Federal Correctional Officer. My law enforcement career began on January 7, 2007, as a Federal Correctional Officer. I have over 10 years of immigration law enforcement experience.

(2)   On March 6, 2025, Reynaldo Barron-Ortiz is scheduled to release into ICE custody. The Defendant is also known as or has used the alias of Reynaldo Ortiz Barron, Reynaldo Barron Ortiz, Reynaldo Barron, Reynaldo Barron-Ortiz.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)   <u>Element One</u>: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)   <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasion(s):

   a. January 16, 2020
   b. March 2, 2020

(7)   <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on February 27, 2025, in Huntsville, Texas which is within the Southern District of Texas. Specifically, within the Houston or Galveston Division of the Southern District of Texas. Additionally, ICE's Law Enforcement Support Center ("LESC") has been consulted to determine whether, in the past five years and after the Defendant's last deportation, the Defendant has been encountered by law enforcement prior to the date specified earlier in this paragraph. On March 6, 2025, I observed that the Defendant was encountered 3 previous times in 2024 and was not prosecuted.

(8)     Element Four: The Defendant did not have permission to reenter the United States. On March 6, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)     Prior Criminal History / Gang Affiliation. The Defendant has the following prior criminal history and/or gang affiliation:

    a.  On January 6, 2020, the Defendant, using the name Reynaldo Barron-Ortiz, was convicted in the 100th Judicial District Court, Carson County, Texas for the offense of possession of controlled substance <=2,000 LBS > 50 LBS, a felony. For this offense, the Defendant was sentenced to four (4) years.

    b.  On August 13, 2024, the Defendant, using the name Reynaldo Barron-Ortiz, was convicted in the 100th Judicial District Court, Carson County, Texas for the offense of possession of controlled substance <=2,000 LBS > 50 LBS, a felony. For this offense, the Defendant was sentenced to two (2) years.

_____
Shawna Campbell, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me on this 6th day of March 2025, and I find probable cause.

_____
Hon. Yvonne Y. Ho
United States Magistrate Judge
Southern District of Texas